13 F.3d 404
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Prince Clement AKINOLA, Plaintiff-Appellant,
v.
BUREAU OF PRISONS, Leavenworth, Kansas, Defendant-Appellee.
 No. 93-3152.
 United States Court of Appeals, Tenth Circuit.
 Nov. 22, 1993.
 
 Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Appellant Prince Clement Akinola filed a pro se complaint against the United States Bureau of Prisons, et al. ("Bureau") claiming that the United States Penitentiary at Leavenworth, Kansas defrauded him of approximately forty-four dollars when he was transferred to a prison in Indiana. In particular, he claimed that he was not credited on his commissary account for items returned prior to his transfer. The United States District Court for the District of Kansas dismissed Appellant's complaint without prejudice. We grant Appellant in forma pauperis to appeal, and affirm and remand to the district court.
 
 
 4
 Because Appellant proceeded pro se, his pleadings are entitled to liberal construction. Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.). Even so, we will generally not entertain issues on appeal that were not first raised before the district court. Farmers Ins. Co. v. Hubbard, 869 F.2d 565 (10th Cir.).
 
 
 5
 A liberal reading of Appellant's complaint filed with the district court reveals claims that the Bureau committed various constitutional violations, engaged in tortious fraud and false statements, discriminated and conspired against Appellant, negligently handled his commissary account, and subjected Appellant to humiliation and mental anguish. The district court correctly ruled that insofar as his complaint alleged fraud and false writing, his claim for damages was barred by sovereign immunity because the Federal Tort Claims Act ("FTCA") does not apply to deceit. 28 U.S.C. 2680(h). The court also correctly determined that Appellant's negligence claims were actionable under the FTCA, but that he must first exhaust applicable FTCA and prison regulation requirements before pursuing these claims in federal court. 28 U.S.C. 2675(a) (action for injury caused by negligence of government employee acting within scope of duty shall not be instituted unless and until claimant has first presented claims to appropriate federal agency).
 
 
 6
 The district court did not discuss Appellant's constitutional, discrimination, conspiracy or mental anguish claims. Perhaps this is because Appellant seemingly did not allege any facts supporting these allegations and therefore the district court merely ignored these issues as they appear to be wholly baseless. However, because the district court's decision is completely silent as to these issues, we remand for a determination if any of these claims are timely and sufficiently pled so as to survive dismissal.
 
 
 7
 Accordingly, the decision of the district court concerning the fraud, false writing and negligence issues is AFFIRMED, and the case is REMANDED for proceedings consistent with this opinion.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3